IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01626-BNB

WILLIAM MORRIS YANISH,

    Plaintiff,

v.

SECRETARY OF SOCIAL SECURITY,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, William Morris Yanish, initiated this action by filing *pro se* a complaint and a motion seeking leave to proceed *in forma pauperis*. The *in forma pauperis* motion will be granted. On July 22, 2009, Mr. Morris filed an amended complaint on the court's Prisoner Complaint form.

The court must construe the amended complaint liberally because Mr. Yanish is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Yanish will be ordered to file a second amended complaint.

The court has reviewed the Prisoner Complaint filed by Mr. Yanish on July 22, 2009, and finds that it is deficient. First, Mr. Yanish does not allege, and there is no indication in the court's file, that he is a prisoner. Therefore, Mr. Yanish must use the court's nonprisoner complaint form, rather than the court's Prisoner Complaint form, to

pursue his claims. Mr. Yanish also must provide an address for the Defendant in the second amended complaint he will be ordered to file.

In addition, the amended complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Yanish fails to set forth a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Yanish fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action. Mr. Yanish also fails to provide a short and plain statement of his claims showing that he is entitled

to relief. Construing the amended complaint liberally, Mr. Yanish may be asserting a claim for social security disability benefits. However, he does not allege that he is seeking judicial review of an administrative decision denying social security disability benefits or, if so, why he disagrees with any administrative decision he may be challenging. Finally, Mr. Yanish fails to specify the relief he is seeking in this action.

For these reasons, Mr. Yanish will be ordered to file a second amended complaint if he wishes to pursue his claims in this court in this action. Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on July 1, 2009, is granted. It is

FURTHER ORDERED that Mr. Yanish file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Yanish, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Yanish fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23rd day of July, 2009.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01626-BNB

William M. Yannish
1698 Tabor St.
Lakewood, CO 80215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on __7/23/09__

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk