IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01626-BNB

WILLIAM M. YANISH,

    Plaintiff,

v.

SECRETARY OF SOCIAL SECURITY,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff William M. Yanish initiated this action by filing *pro se* a complaint. On July 22, 2009, Mr. Yanish filed an amended complaint using the Court's Prisoner Complaint form even though he is not a prisoner. On July 23, 2009, Magistrate Judge Craig B. Shaffer ordered Mr. Yanish to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Yanish also was directed to use the Court's nonprisoner complaint form and to provide an address for the named Defendant. On July 30, 2009, Mr. Yanish filed a second amended complaint.

The Court must construe the second amended complaint liberally because Mr. Yanish is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

The Court has reviewed the second amended complaint and finds that the second amended complaint still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court notes initially that Mr. Yanish still fails to provide an address for the named Defendant. Furthermore, although the first page of the second amended

complaint filed by Mr. Yanish is the first page of the Court's nonprisoner complaint form, the substantive pages of the second amended complaint, pages two through four, are photocopies of pages two through four of the first amended complaint filed by Mr. Yanish on July 22, 2009. As noted above, the first amended complaint was not filed on the proper form and, more importantly, was found to be substantively deficient by Magistrate Judge Shaffer.

The Court agrees with Magistrate Judge Shaffer that Mr. Yanish fails to provide a short and plain statement of the grounds for the Court's jurisdiction, he fails to provide a short and plain statement of his claims showing that he is entitled to relief, and he fails to specify the relief he is seeking. The Court also agrees with Magistrate Judge Shaffer that, construing his allegations liberally, it appears Mr. Yanish may be asserting a claim for social security disability benefits because he alleges that he suffers from various disabilities. However, Mr. Yanish does not allege that he has filed an administrative claim for social security disability benefits or that he is seeking judicial review of an administrative decision denying a claim for social security disability benefits or, if he is seeking judicial review of an administrative decision denying a claim for social security disability benefits, why he believes the administrative decision should be overturned. Although the second amended complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the second amended complaint and the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 16 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01626-BNB

William M. Yannish
1698 Tabor St.
Lakewood, CO 80215

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/16/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk